NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 22 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50187 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00428-RGK-1 2:19-cr-00428-RGK |
| v. | |
| LAMONT DEVAULT, AKA Mont, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    21-50044 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00428-RGK-4 2:19-cr-00428-RGK |
| v. | |
| DEANDRE MCINTOSH, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted March 9, 2022
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and MOLLOY,** District

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Judge.

On February 6, 2020, a jury convicted co-defendants DeAndre McIntosh and Lamont Devault of conspiracy to distribute methamphetamine and heroin in Centinela State Prison in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a), and convicted Devault of possession of heroin and methamphetamine with intent to distribute in violation of 21 U.S.C. § 841(a), 841(b)(1)(A) and 18 U.S.C. § 2(a). The district court sentenced McIntosh to 92 months and Devault to 188 months. McIntosh and Devault appeal their convictions, and Devault also appeals his sentence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The district court correctly held that, considering the evidence at trial in the light most favorable to the prosecution, *see United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc), a rational jury could have found beyond a reasonable doubt that McIntosh joined the drug-trafficking conspiracy intending to distribute narcotics, rather than simply purchasing drugs for his personal use. *See United States v. Perez*, 962 F.3d 420, 444 (9th Cir. 2020). The government presented intercepted phone calls and text messages between Devault and McIntosh in which Devault used the terms "black" and "heroin" interchangeably, McIntosh agreed to purchase $2500 of "black" from Devault (an amount

---

**       The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

2

inconsistent with personal use), and McIntosh referenced the "little pay" he was receiving from Devault for reselling the drugs. *See United States v. Mendoza*, 25 F.4th 730, 736 (9th Cir. 2022) ("We assess the entire course of dealing between alleged co-conspirators.") (cleaned up). The government also presented testimony from another co-conspirator, Lance Medina, who testified that Devault told him McIntosh was involved in helping to re-sell the drugs within the prison.

2. The district court did not abuse its discretion in admitting testimony from one of the officers charged with investigating the case, Officer Scharbach, about the meaning of various intercepted communications between McIntosh and Devault. Appellants concede that Officer Scharbach's testimony was admissible under *United States v. Gadson*, 763 F.3d 1189 (9th Cir. 2014), and as a three-judge panel, we are required to following existing circuit precedent. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (en banc).

3. The district court did not err by setting Devault's federal sentence to commence after the completion of the state sentence he was serving ("consecutively"), rather than simultaneously ("concurrently"). Devault contends that the district court abused its discretion by imposing a consecutive sentence because Sentencing Guideline § 5G1.3(a) recommended it, and language the court used suggested that it thought the Guideline was mandatory. We disagree. Devault points to the district court's statement during sentencing that "it's

3

indicated in the sentencing guideline levels that this is a consecutive and not a concurrent sentence." However, that statement is simply an accurate summary of what Guideline § 5G1.3(a) recommends, and in the absence of evidence to the contrary, we assume that judges "know the law and . . . apply it in making their decisions." *Clark v. Arnold*, 769 F.3d 711, 727 (9th Cir. 2014) (quoting *Walton v. Arizona,* 497 U.S. 639, 653 (1990), *overruled on other grounds by Ring v. Arizona,* 536 U.S. 584 (2002)).

In the alternative, Devault argues that the district court plainly erred by failing to provide reasons for imposing the consecutive sentence. Specifically, he contends that the district court should have explicitly addressed his request for a concurrent sentence because, given his individual circumstances, a consecutive sentence would almost certainly ensure that he would die in prison.

Again, we disagree. While it would have been better for the district court to explicitly address its reasons at sentencing, we can "infe[r]" an "adequate explanation . . . from the PSR [and] the record as a whole." *United States v. Carty,* 520 F.3d 984, 992 (9th Cir. 2008). The district court specifically stated that it reviewed the presentence report, the objections to the report, the parties' sentencing papers, and the case file. "[B]ecause 'the record makes clear that the sentencing judge listened to each argument' and 'considered the supporting evidence,' the district court's statement of reasons for the sentence was 'brief but

4

legally sufficient.'"  *United States v. Carter*, 560 F.3d 1107, 1117 (9th Cir. 2009)

(quoting *Rita v. United States,* 551 U.S. 338, 339 (2007)).  Devault was already

serving a life sentence when he committed these additional crimes, so if the district

court imposed a concurrent sentence, he would have received no additional

punishment for these separate crimes.  Given the serious nature of the offenses at

issue, such a result would undermine the sentencing goal of deterrence.

**AFFIRMED.**